AILEEN MILLS, INC., v. NORFOLK-SOUTHERN RAILROAD COMPANY.

(Filed 7 December, 1927.)

**Carriers—Railroads—Side-Tracks—Repairs—Damages—Contracts.**

> Where a railroad company has constructed a side-track upon the lands
> of a milling corporation without an order of the Corporation Commission
> to do so, C. S., 1044, or an agreement with the owner to keep the track in
> repair, for the exclusive benefit of the owner in unloading its coal from
> an elevation or chute, and the same has become dangerous in placing the
> cars for unloading, the railroad company is not liable for damages in an
> action to recover the cost of such repairs expended by the owner, upon
> an agreement that thereby his action would not be prejudiced. The effect
> of an order by the Director General of Railroads under war control dis-
> cussed by plaintiff, but not presented by the record or decided in this
> appeal.

APPEAL by plaintiff from *Schenck, J.,* at April Term, 1927, of MONT-GOMERY. Affirmed.

Action to recover of defendant a sum of money expended by plaintiff for repairs to a side-track located on plaintiff's property, and also to recover damages resulting from the refusal of defendant to make said repairs.

This side-track includes a trestle, from which cars loaded with coal and shipped to plaintiff are unloaded; the trestle and the side-track were constructed and are used for the convenience of plaintiff, in the operation of its factory.

From judgment of nonsuit at the close of the evidence, upon motion of defendant, plaintiff appealed to the Supreme Court.

*R. T. Poole, T. W. Bruton and Walter Clark for plaintiff.*
*Armstrong & Armstrong for defendant.*

CONNOR, J. Defendant corporation is a common carrier of freight and passengers for hire, and as such is engaged in business in the State of North Carolina; it owns and operates a line of railroad, running through the town of Biscoe, in said State.

Plaintiff corporation owns and operates a factory or mill in the town of Biscoe, for the manufacture of cotton goods; its factory or mill is located on the west side of defendant's line of railroad in said town of Biscoe.

At the date of the commencement of this action, and for many years prior thereto, there was a side or spur track running from defendant's main line of railroad to and on plaintiff's property; this side-track was constructed and used for loading and unloading cars placed thereon by

defendant for the convenience of plaintiff in the operation of its factory. It includes a trestle from which cars loaded with coal shipped to the plaintiff are unloaded. This side-track, according to defendant's blue print, from the point at which it leaves the main line to its end on plaintiff's property, is seven hundred and eighty feet in length; it is approximately four hundred and fifty feet on plaintiff's property. The trestle is altogether on plaintiff's property, and is used exclusively for unloading cars containing coal shipped to plaintiff, to be used in operating its factory.

Some time prior to the commencement of this action the said side-track and trestle were in need of repairs; it was not safe to move cars on said side-track and trestle for this reason. Defendant notified plaintiff that it would not move cars on the side-track, or place them on the trestle until same had been repaired. A controversy thereupon arose between plaintiff and defendant with respect to which of them should pay for the repairs. It was agreed that plaintiff should cause the repairs to be made without prejudice to its contention that defendant was liable for the cost of the repairs. Plaintiff has expended the sum of $408.85 for said repairs, and now demands judgment in this action that it recover said sum of defendant; it also demands judgment that it recover of defendant the sum of $56.65, upon its allegation that it paid out this sum for drayage during the time defendant refused to place cars upon the side-track and trestle.

There was no evidence upon the trial of this action tending to show that defendant or its predecessor had contracted, orally or in writing, to maintain the side-track or the trestle in such condition that cars could be moved or placed thereon, with safety; nor was there evidence tending to show that said side-track or trestle was constructed pursuant to an order of the Corporation Commission of North Carolina as authorized by statute. C. S., 1044. In the absence of a contract by which defendant was obligated to maintain said side-track and trestle, or of an order of the Corporation Commission made under legislative authority, defendant cannot be held liable to plaintiff for the cost of making repairs, although necessary, upon the side-track or trestle located on plaintiff's property, and used exclusively for plaintiff's benefit. The evidence is all to the effect that the sum which plaintiff seeks to recover in this action was expended in making repairs upon the trestle, which is used exclusively for the benefit of plaintiff.

It is suggested in the brief filed for plaintiff in this Court that defendant is liable to plaintiff for the amount expended for repairing the trestle by reason of orders of the Director General of Railroads, issued during Federal control. No evidence was offered at the trial in support of this suggestion. Nor is there any allegation in the complaint that

defendant is liable by reason of said orders. Whether defendant is liable for the repairs made to the trestle, as part of the side-track, by reason of orders issued by the Director General of Railroads, is not presented or decided on this record. Upon this record the judgment is
Affirmed.